THIS ORDER IS APPROVED.

Dated: September 2, 2011

*James M. Marlar*

James M. Marlar, Chief Bankruptcy Judge

Stephen M. Trezza 014682
TREZZA & ASSOCIATES, LLC
4011 E. Broadway #200
Tucson, Arizona 85711
Telephone: (520) 327-4800
Facsimile: (520) 327-4002
Email: Attorney7335 @gmail.com

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>ELOY SAAVEDRA and JUSTINE SAAVEDRA,<br><br>Debtors.<br><br>ELOY SAAVEDRA and JUSTINE SAAVEDRA,<br><br>Plaintiffs,<br><br>GMAC MORTGAGE, its successors and/or assigns,<br><br>Defendants. | In Proceedings Under Chapter 13<br><br>Case No. 4:11-bk-15323-JMM<br>Adv. No. 4:11-ap-1238-JMM<br><br>**ORDER ON DEBTORS' COMPLAINT TO DETERMINE SECURED STATUS** |

On July 25, 2011, Debtors filed a complaint to determine the secured status of GMAC MORTGAGE (hereinafter "Lienholder") against the property commonly known as 18467 S. Copper Point Dr., Green Valley, AZ 85614 and more fully described as:

**LOT 338, OF LOS ARROYOS DEL ESTE RESUBDIVISION, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF PIMA COUNTY, ARIZONA, RECORDED IN BOOK 57 OF MAPS, PAGE 95.**

which lien was recorded in Pima County (hereinafter the "Lien"). This Lien is in second position and has an approximate amount of $27,678.00 due and owing. The first lien is held by MIDLAND MORTGAGE in the approximate amount of $146,294.00. The property is worth approximately

$126,123.30.  Therefore, there is no secured value in the amount of the Lien.

The Court finds that notice of the Debtors' Complaint upon Lienholder was proper.  Lienholder having failed to file timely opposition to Debtors' motion, the Court hereby orders as follows:

(1) For purposes of Debtors' Chapter 13 plan only, the Lien is valued at zero.  Lienholder does not have a secured claim and the Lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1322(b)(2) and 1327, provided that the Chapter 13 case is completed and the Debtors' receive a discharge.

(2) This order shall become part of the Debtors' confirmed Chapter 13 Plan.

(3) Upon entry of a discharge in Debtors' Chapter 13 case, the Lien shall be voided for all purposes.

(4) If Debtors' Chapter 13 case is dismissed or converted to Chapter 7 before Debtors obtain a discharge, this order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable non-bankruptcy law and upon application by Lienholder, the Court will enter an appropriate form of order restoring the Lien.

(5) Except as provided by separate, subsequent Order of this Court, the Lien may not be enforced so long as this order remains in effect.

**IT IS SO ORDERED by signature above.**